UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE PEYTON LINDER, | No. 2:17-cv-0941 AC P |
| Plaintiff, | |
| v. | ORDER |
| CARMALINO GALANG, M.D., et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner at Mule Creek State Prison (MCSP) under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, challenging his medical care. Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and also requests appointment of counsel.

For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted; plaintiff's complaint is dismissed with leave to file a First Amended Complaint subject to the legal standards set forth herein; and plaintiff's request for appointment of counsel is denied without prejudice.

II. In Forma Pauperis Application

Plaintiff has submitted his affidavit and prison trust account statement that make the

1

showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 3, will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action.  See 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a

claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

    IV.    Screening of Plaintiff's Complaint

        A.    Plaintiff's Allegations

In a three-page form complaint plaintiff alleges that on March 30, 2015, "after a hyperextended knee injury," he was given a total knee replacement. ECF No. 1 at 3. Plaintiff alleges that, since the surgery, his knee "has increasingly gotten worse," id., specifically:

> It pops, grinds, dislocates and has become very painful. At each appointment I voiced my concerns and was met with resistance and disregard for my wellbeing. My knee has only gotten worse with inadequate care or repair for two years now. I've exhausted all means of appeals in prison.

ECF No. 1 at 3. Plaintiff states that he is suing for "$150,000 or replacement, and reasonable monetary relief. And if replaced done at another Hospital." Id. Plaintiff names two defendants: Carmalino Galang, M.D., Orthopedic Surgeon, and San Joaquin General Hospital. Id. at 2.

Plaintiff's allegations are inadequate as presented. They support no more than a state law claim of negligence, which is not cognizable under 42 U.S.C. § 1983; the threshold is much higher to support an Eighth Amendment claim for deliberate indifference to serious medical needs. Additionally, plaintiff's allegations fail to identify each defendant's challenged conduct or alleged failure to act. Plaintiff may attempt to cure these deficiencies in a First Amended Complaint. The following legal standards are provided as guidance.

////

B. <u>Deliberate Indifference to Serious Medical Needs</u>

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988)).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); <u>accord</u>, <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Lemire v. CDCR</u>, 726 F.3d 1062, 1081 (9th Cir. 2013).

To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. When the risk is not obvious, the requisite knowledge may still be inferred by evidence showing that the defendant refused to verify underlying facts or declined to confirm inferences that he strongly suspected to be true. <u>Farmer</u>, 511 U.S. at 842. On the other hand, prison officials

4

may avoid liability by demonstrating "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844. Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. Id. at 844-45; see also Wilson, 501 U.S. at 298; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010).

However, "[b]efore it can be said that a prisoner's civil rights have been abridged, . . . the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

### C. Cognizable Claims Against Specific Defendants

Plaintiff names, but makes no charging allegations against, defendants Dr. Galang and San Joaquin General Hospital. To state a cognizable claim against an individual defendant, the factual allegations of the complaint must demonstrate a direct causal connection or affirmative link between the defendant's challenged conduct or failure to act and the alleged violation of plaintiff's rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). A complaint that fails to identify the specific acts by each defendant that allegedly violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a), Federal Rules of Civil Procedure. See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

There are additional requirements for naming an individual defendant who holds a supervisory role. Liability may not be imposed on a supervisor under a respondeat superior

theory, because every defendant is liable only for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).[1]

San Joaquin General Hospital (SJGH), which is "a department of the county of San Joaquin,"[2] presents different considerations as a defendant. SJGH operates a Correctional Health Services program in French Camp for prisoners. See n.2, supra. This coordination of services renders employees of SJGH state actors for purposes of Section 1983. See West v. Atkins, 487 U.S. 42 (1988); see also Lopez v. Dep't of Health Services, 939 F.2d 881 (9th Cir. 1991) (per curiam). However, to pursue a claim against SJGH itself (that is, San Joaquin County) plaintiff must allege that a specific policy, practice or custom of SJGH was the "moving force" resulting in the alleged violation of plaintiff's constitutional rights. Monell v. Dep't of Social Services, 438 U.S. 658, 694 (1978). As held by the United States Supreme Court, Monell at 694:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

---

[1] More specifically:
> Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others. In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them. The requisite causal connection may be established when an official sets in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional harms.

Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009) (citations and internal quotation marks omitted).

[2] See http://www.sjgeneral.org/aboutus.html (website for San Joaquin General Hospital). This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) (courts may take judicial notice of agency records that are not subject to reasonable dispute).

6

> represent official policy, inflicts the injury that the government as
> an entity is responsible under § 1983.

Absent such allegations, plausibly asserted, plaintiff cannot state a cognizable claim against San Joaquin General Hospital.

### V. Leave to File a First Amended Complaint

Subject to the legal standards set forth herein, plaintiff may file a proposed First Amended Complaint (FAC) within thirty days after service of this order. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned this case. The FAC must be complete in itself without reference to any prior pleading. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior pleading is superseded. The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

### VI. Request for Appointment of Counsel

Plaintiff requests appointment of counsel. See ECF No. 9. Plaintiff states that he has tried unsuccessfully to locate an attorney willing to represent him; that he is "disabled and growing more ill by the day;" that his "time is short and [his] knee replacement is getting worse." Id. at 1.

District courts lack authority to require attorneys to represent indigent prisoners in a civil rights action. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Only in certain exceptional circumstances may a district court request the voluntary assistance of a willing attorney. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that

////

would warrant a request for voluntary assistance of counsel.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

It is premature to assess whether plaintiff will be able to state cognizable claims in this case or, if he does, the likelihood of his success on those claims.  Therefore, plaintiff's request for appointment of counsel will be denied without prejudice.

VII.    Summary

You are granted in forma pauperis status to proceed in this action; you will pay the filing fee over time with deductions from your prison trust account.

The court has screened your complaint and finds that it does not state a cognizable claim because your allegations fail to specifically describe how any defendant acted with deliberate indifference to your serious medical needs.  You are granted leave to file a First Amended Complaint within thirty days.  The court has provided you guidance in stating cognizable claims, specifically, the need to link specific allegations with specific defendants, and the different considerations for stating cognizable claims against individual defendants and San Joaquin General Hospital.

The court denies your request for appointment of counsel without prejudice because you have not demonstrated the requisite exceptional circumstances at this time.

VIII.   Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 3, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for appointment of counsel, ECF No. 9, is denied without prejudice.

4. Plaintiff's complaint, ECF No. 1, is dismissed with leave to file a proposed First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal

standards set forth herein.  Failure to timely file a FAC will result in the dismissal of this action without prejudice.

    5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

    IT IS SO ORDERED.

DATED: November 27, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE