UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE PEYTON LINDER,<br><br>Plaintiff,<br><br>v.<br><br>CARMALINO GALANG, M.D., et al.,<br><br>Defendants. | No. 2:17-cv-0941 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to state a cognizable claim, despite adequate opportunity to do so and guidance from the court, and for failure to follow court orders. See Fed. R. Civ. P. 41(b).

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this putative civil rights action. In his original complaint, plaintiff sought to allege that Dr. C. Galang, an orthopedic surgeon at San Joaquin General Hospital, was deliberately indifferent to plaintiff's serious medical needs in the performance of plaintiff's knee replacement surgery and post-surgical medical care. See ECF No. 1. By order filed November 28, 2017, the undersigned informed plaintiff of the deficiencies in his complaint, provided guidance in stating a cognizable deliberate indifference claim against a specific defendant, and dismissed the complaint with leave to file a First Amended Complaint (FAC) within thirty days. See ECF No. 10.

Plaintiff did not file an FAC. On January 10, 2018, the undersigned recommended the

1

dismissal of this action without prejudice. See ECF No. 13. Plaintiff timely filed objections, ECF No. 14, which the court construed as a belated request for extended time to file a FAC, and granted the request, ECF No. 15. By order filed January 31, 2018, the court withdrew its findings and recommendations, provided plaintiff thirty days to file his FAC, provided plaintiff with a blank complaint form, and again provided guidance in stating a cognizable deliberate indifference claim. See ECF No. 15. The court emphasized the following:

> It is particularly important for the First Amended Complaint to identify who was (or is) responsible for the medical care or medical decisions [plaintiff] is challenging. The First Amended Complaint must also clearly identify the challenged conduct of each defendant – it is helpful to consider "who did what, when, and where" – and specifically describe how this challenged conduct caused or otherwise relates to plaintiff's knee problems. Also, in order to state an Eighth Amendment claim, plaintiff must allege specific facts, showing that each defendant knew of but disregarded an excessive risk to plaintiff's health. [¶] It may be helpful for plaintiff to consider two time frames: (1) his surgery and any complications arising directly from the surgery, and (2) his medical care afterwards. This framework may assist plaintiff in the identification of appropriate defendants and their respective challenged conduct.

Id. at 2.

On March 3, 2018 (by application of the prison mailbox rule),[1] plaintiff timely responded; however, his response was a three-page letter with several exhibits, not an amended complaint. Moreover, plaintiff's letter generally and broadly challenges his prison medical care, again without stating a cognizable claim. For example, plaintiff states, ECF No. 16 at 1-2 (with minor edits):

> . . . . Enclosed is yet another 602 regarding my knee replacement. Also is a complaint to the medical board about Dr. Galang's treatment of my condition. The other 602 shows that during my gallbladder emergency I received inadequate care and resistance from CDC employees regarding a potentially deadly condition. This is indicative of treatment here regarding any condition. . . . I'm quickly getting worse in other medical conditions and I'm afraid of the non-oversight of medical staff and custody issues. . . .

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1       This court finds that granting plaintiff leave for further amendment would be futile. "Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citing Lopez v. Smith, 203 F.3d 1122, 1130, 1131 (9th Cir.2000) (en banc)), cert. denied, 541 U.S. 1063 (2004). However, "[i]t is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). The undersigned is persuaded that plaintiff is unable to state a cognizable deliberate indifference claim. Plaintiff's allegations not only remain too general to state a claim, they have become more vague over time rather than more specific, despite guidance from the court.

      Plaintiff is informed that dismissal of this action without prejudice does not preclude him from filing a new complaint challenging his medical care, provided the new complaint meets the requirements for a proper pleading, states a cognizable claim, and is timely.

      Accordingly, IT IS HEREBY RECOMMENDED THAT the instant action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

      These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 20, 2018

                                      _/s/ Allison Claire_
                                      ALLISON CLAIRE
                                      UNITED STATES MAGISTRATE JUDGE